### 23757. ELKINS v. THE STATE.

ARGUED OCTOBER 12, 1966—DECIDED NOVEMBER 3, 1966—
REHEARING DENIED NOVEMBER 23, 1966.

William L. Elkins, *pro se, Walter M. Henritze, Jr.,* for appellant.

Lewis R. Slaton, Solicitor General, Amber W. Anderson, George K. McPherson, J. Walter LeCraw, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Hardaway Young, for appellee.

Cook, Justice. William Luther Elkins was convicted in Fulton Superior Court of the offense of murder and received a life sentence. This appeal is from the verdict and judgment.

In the first of the only two errors enumerated the defendant contends that: "The court erred in admitting, over objection, hearsay evidence concerning the deceased man's statements and conduct." The evidence to which he refers was the testimony of the mother of the deceased relating a colloquy between her and the deceased a few minutes before the defendant shot and killed him. She testified that while she and her son, the deceased, were having breakfast she related to him an incident that took place the previous afternoon between the sister of the deceased and the defendant, near the defendant's

place of business at the Greenbriar Shopping Center. The testimony objected to as being hearsay was as follows:

"Q. What did he do as a result of your telling him of Terri's incident? A. He just got up from the table and started out the door and I asked him where he was going and he said he was going over to Greenbriar and I said, 'Tommy, now don't go over there and say anything that will get you into any trouble,' and he said, 'I'm not, mother, I'm just. . .' "

At this point counsel for the defendant objected to the testimony on the ground that it was hearsay. The witness was permitted to continue, with instructions from the court that her testimony would be admitted for the purpose of showing the conduct of the deceased and the reason for such conduct, and for no other purpose. The mother continued her testimony as follows:

"Q. Now, what did you say to your son again? A. I asked him not to go over there. Or, rather, I told him not to go over there and say anything that would get him into any trouble. Q. What did he say? A. He said, 'I'm not, mother. I just want to let the man know that I don't appreciate the way he treated my sister.' " Whereupon the deceased proceeded to the defendant's place of business at the Greenbriar Shopping Center, where he was fatally shot by the defendant.

This testimony was admissible as a part of the res gestae and to explain the conduct of the deceased a few minutes before he was fatally shot by the defendant, as provided for in *Code* §§ 38-302 and 38-305. In *Robinson v. State,* 118 Ga. 198 (44 SE 985), this court held as follows: "In a trial for murder the actions, intentions, and motives of both parties to the affray, and all circumstances making up the res gestae, may be proved." See also: *Thomas v. State,* 67 Ga. 460 (3); *Warrick v. State,* 125 Ga. 133 (1) (53 SE 1027); *Smith v. State,* 148 Ga. 467 (96 SE 1042); *Thompson v. State,* 166 Ga. 512 (143 SE 896); *Shirley v. State,* 168 Ga. 344 (1) (148 SE 91); *Clarke v. State,* 221 Ga. 206 (2) (144 SE2d 90).

We have reviewed the cases cited by the defendant in support of his contentions, and find that they are not applicable to the facts in the present case. There is no merit in this assignment of error.

■ The second error enumerated is as follows: "The court erred in admitting, over objection, hearsay testimony tending to incriminate the defendant not only on the grounds of hearsay but because he was not represented by an attorney, (he having asked for one) in violation of his rights under the Fifth and Fourteenth Amendments of the U. S. Constitution." Counsel for the appellant cite Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), dealing with "the admissibility of statements obtained from an individual who is subjected to custodial police interrogation and the necessity for procedures which assure that the individual is accorded his privilege under the Fifth Amendment to the Constitution not be compelled to incriminate himself."

The assignment of error refers to page 83 of the transcript, where an objection was made to testimony of a police officer "on the ground that the testimony so far that the defendant stated that he did not wish to make any statement and that he wanted to consult with his attorney, and this would not be admissible against the defendant in any way; hearsay." In the testimony thus objected to the officer did not relate any incriminating admission of the defendant, and the testimony was not subject to the objection made.

*Judgment affirmed. All the Justices concur.*