**William Luther ELKINS, Petitioner-Appellee,**

**v.**

**Asa KELLEY, Director, State Board of Corrections, et al., Respondents-Appellants.**

**No. 26750.**

United States Court of Appeals
Fifth Circuit.

April 7, 1969.

---

Arthur K. Bolton, Atty. Gen. of Georgia, Marion O. Gordon, Asst. Atty. Gen. of Georgia, Atlanta, Ga., John W. Hinchey, William R. Childers, Jr., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for appellants.

Richard W. Watkins, Jr., Jackson, Ga., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

RIVES, Circuit Judge:

Warden Smith appeals from a judgment granting Elkins a writ of habeas corpus on grounds that, under principles enunciated in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, his constitutional rights against self-incrimination have been violated during custodial interrogation. We va-

cate the judgment and remand the case with directions to dismiss without prejudice for failure to exhaust available and adequate state remedies.

Elkins was arrested and questioned about the location of the murder weapon *prior* to the Supreme Court's decision in *Miranda*. He was tried, however, approximately six weeks *after* the *Miranda* decision.[1] Elkins was represented at trial by retained counsel, Wesley Asinof, Esq., a respected and experienced criminal defense attorney. The defense asserted was justifiable homicide.

At trial, one of the arresting officers testified that, as he arrested Elkins, he advised him that he did not have to make any statement and that he was constitutionally entitled to have a lawyer if he wished. Then the police officer testified that he asked Elkins where the murder weapon was and Elkins stated that he left it at his brother's service station.[2]

Elkins' counsel did not object to admission of the testimony respecting the gun, nor to introduction of the weapon (the finding of which was clearly a fruit of Elkins' statement to the arresting officer).[3] In fact, Elkins attempted to bolster his justifiable homicide defense by rhetorically responding on cross-examination that he would not have made a voluntary turnover were he trying to avoid involvement in the homicide.[4] On the other hand, defense counsel did object to admission of hearsay statements by Elkins' nephew to another police officer in the presence of Elkins.[5]

1. *Miranda* was decided on June 13, 1966; Elkins was tried on August 1, 1966 (R. 49).

2. Testimony of Officer D. L. Fuller, Transcript, p. 79; Record, p. 121.

3. The weapon was introduced without objection as State's Exhibit No. 9 (Transcript 87; Record 128).

4. Transcript, p. 239; Record, p. 252.

5. Officer William D. Gregory noted that "I asked him [the nephew] if he, the prisoner [Elkins] had left a gun with him at the service station." Before the next

question could be answered, Mr. Asinof objected, stating: "Now, that's a hearsay conversation." The prosecution established that Elkins was present during the hearsay conversation and the trial court allowed the questioning to continue, whereupon Mr. Asinof made the following ambiguous comment: "If Your Honor please, I want to make this observation. We are objecting on the ground that the testimony so far that the defendant stated that he did not wish to make any statement and that he wanted to consult with his attorney, and this would not be admissible against the defendant in any way; hearsay." (Transcript 83, Record

On appeal, Elkins, represented then by court-appointed counsel, enumerated as error the overruling of the defense objection at page 83 of the transcript, note 5 *supra*, and alleged a violation of the hearsay rule and of the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution. Cited obliquely as authority for this enumeration was Miranda v. Arizona, *supra*. See Elkins v. State, 1966, 222 Ga. 746, 152 S.E.2d 377, 378–379. In affirming the conviction, the Supreme Court of Georgia disposed of the objection issue with the observation that the hearsay "did not relate any incriminating admission of the defendant, and the testimony was not subject to the objection made." Elkins v. State, *supra* at 379. Thus, the Supreme Court of Georgia never passed upon the *Miranda* admissibility question, but disposed of no more than an inarticulate hearsay objection.

From the foregoing examination of the posture of this case as it appears before this Court, it becomes readily apparent that at least three questions must be decided before Elkins' federal habeas petition can be decided on its merits. First, Elkins may never have squarely raised the *Miranda* issue before any state tribunal whether on appeal or by collateral attack; second, the *Miranda* issue may have been intentionally waived as a trial tactic based upon its inconsistency with the justifiable homicide defense; third, the question is presented as to whether *Miranda*, which was designed to regulate police warning practices, should necessitate reversal when the interrogation without adequate warnings antedated the Supreme Court decision.

The hearing in the federal district court was limited to legal argument on the respondent's motion for summary judgment. There has been no evidentiary hearing on whether the *Miranda* issue was intentionally waived as a trial tactic because of its apparent inconsistency with the justifiable homicide defense. Instead, however, of reversing and remanding for such an evidentiary hearing and for decision of the questions of law, we vacate and remand with directions to dismiss without prejudice for failure to exhaust available and adequate state remedies. Georgia has an adequate and available post-conviction procedure.[6] Elkins should first exhaust his state remedies before seeking relief in a federal forum.[7]

The judgment is therefore vacated and the case is remanded with directions to dismiss the petition without prejudice.

Vacated and remanded with directions.

124). The trial court overruled the objection. The nephew never answered the original inquiry whether Elkins had turned the gun over to him, although he did turn a weapon over to the police according to the officer's testimony. (Transcript 83–84; Record 125.)

6. *See* Georgia Habeas Corpus Act of 1967, Ga.Laws 1967, p. 835; Ga.Code Ann. § 50–127.

7. Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731. *See* Fox v. Dutton, 5 Cir. 1968, 406 F.2d 123; Picklesimer v. Smith, 5 Cir. 1968, 405 F.2d 186; Rearden v. Smith, 5 Cir. 1968, 403 F.2d 773; Henderson v. Dutton, 5 Cir. 1968, 397 F.2d 375. See also Spencer v. Wainwright, 5 Cir. 1968, 403 F.2d 778, indicating in footnotes thereto similar requirements of exhaustion of state remedies in Florida, Texas, Louisiana and Mississippi.