Leroy JONES, Petitioner-Appellee,

v.

S. Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellant.

No. 26819.

United States Court of Appeals
Fifth Circuit.

May 7, 1969.

Arthur K. Bolton, Atty. Gen. of Georgia, Courtney Wilder Stanton, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellant.

Robert D. Peckham, Charles T. Erion, Athens, Ga., for petitioner-appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims*.

PER CURIAM:

The appellee, Leroy Jones, a state prisoner, unsuccessfully sought habeas corpus in the Georgia State Courts, Jones v. Smith, Warden, 224 Ga. 141, 160 S.E.2d 398 (1968). He then petitioned the United States District Court, which found his plea of guilty and sentence to have been invalid for lack of effective assistance of counsel. Georgia appeals. With a modification, we affirm.

We have before us the transcript of the state court evidentiary hearing. On June 9, 1965, the grand jury of DeKalb County, Georgia, indicted Jones for burglary. The next day, while being conducted from jail to the Judge's chambers for arraignment, he was introduced to an attorney who had been assigned to represent him at that arraignment. He had not previously known, seen, or conferred with this attorney. The attorney spoke with Jones for about five minutes, informed him that he was charged with burglary, that the maximum penalty was twenty years, and asked him if he wanted to plead guilty or not guilty. He further informed the defendant that in the event he pleaded not guilty the Court would appoint another attorney to represent him at a trial on the merits.

---

* Sitting by designation as a member of this panel.

By the time of the state court hearing, November 16, 1967, the attorney had no independent recollection of the matter and he had no file on the case. He refreshed his memory as best he could from the DeKalb County Court records and testified by deposition as to his usual procedure when appointed to represent defendants at arraignment only.

Jones testified, without contradiction, that in the course of the five minute conference the attorney did not discuss the factual circumstances of the alleged crime, any possible defenses available, the existence of any witnesses whose testimony would benefit the defendant, or the wisdom of pleading either guilty or not guilty. He made no effort to negotiate with the prosecution for a reduced sentence in return for a plea of guilty, did not request a presentence investigation, and made no statement to the Court in an effort to mitigate the punishment. Immediately following that five minute conference, the guilty plea was entered and the twenty year sentence imposed.

Under these circumstances, we are of the opinion that the District Court was clearly right in holding the plea and the sentence invalid. The judgment in this respect must be affirmed. MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592; Roberts v. Dutton, 5 Cir., 1966, 368 F.2d 465; Collingsworth v. Mayo, 5 Cir., 1949, 173 F.2d 695.

Because this appellant had the assistance of counsel in name only, and we affirm the District Court for that reason, we need not reach and do not reach the attack leveled in the briefs against the practice of naming counsel for the limited purpose of representation at arraignment.

In deciding this appeal, we have not considered the supplemental (supporting) findings of the District Court, dated October 4, 1968, filed after the appeal was perfected.

The order of the District Court directed, "Let the prisoner be released".

Obviously, the release should have been conditioned upon the failure of the state to rearraign the prisoner and to try him within a reasonable time. To this extent, the judgment of the District Court is modified and, as so modified,

Affirmed.