**Buster O'NEAL, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 27544.**

United States Court of Appeals
Fifth Circuit.

July 7, 1969.

Buster O'Neal, pro se.

Arthur K. Bolton, Atty. Gen., Mathew Robins, Asst. Atty. Gen., Marion O. Gordon, Atlanta, Ga., for respondent-appellee.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

O'Neal is appealing from the district court's denial of his petition for the writ of habeas corpus without first holding an evidentiary hearing.

This case comes before us on his petition for the appointment of counsel on appeal. Since we think that the record clearly upholds the prisoner's right to a full evidentiary hearing below, we have chosen to deal with the merits of the case now. Sullens v. United States, 5 Cir. 1969, 409 F.2d 545; Juelich v. United States, 5 Cir. 1963, 316 F.2d 726; Murray v. Florida, 5 Cir. 1969, 410 F.2d 393.

The record of the court below shows that following his escape from the Wilkerson County Public Works Camp where he was serving a sentence, he was recaptured and returned to Wilkerson County for trial on escape and auto theft. Ap-

pellant alleges that he was not given an arraignment hearing and did not waive formal arraignment. He alleges that he was brought into the judge's chambers where counsel was appointed for him and he was informed then for the first time what charges were filed against him. O'Neal further alleges that after only three minutes of consultation with his counsel in chambers in the presence of the judge he pleaded not guilty but he was adjudged guilty by the court and sentenced. The record shows the signature of appointed counsel on the back of the indictments under this waiver: "The defendant Buster O'Neal waives copy of indictment and list of witnesses, also waives being formally arraigned and pleads guilty." O'Neal's signature does not appear and he denies having authorized counsel to sign the waiver and enter guilty pleas for him.

O'Neal sought habeas corpus relief in the state court, where an evidentiary hearing was held. Appellant's motion for assistance of counsel was denied, thus he acted pro se, offering no witnesses other than himself. His request for the transcript and records of his prosecution was not granted. The state offered as its only witness a prison official who presented the records of authority under which appellant is being held. Following the hearing, the court denied relief in an opinion setting forth findings of fact and conclusions of law.

In his pleadings filed in the federal court, appellant challenges the fairness of the state hearing and its findings, alleging denial of his rights to effective counsel, arraignment and trial by jury. The court below found the state hearing to be a full and fair one and the findings of fact to be fully supported by the evidence.

One of the findings of the state court was that appellant had been adequately instructed as to his rights by court-appointed counsel. The state court "assumed" appellant was advised of his rights by counsel, that appellant "personally" entered a plea of guilty and that counsel represented petitioner in a professional and competent manner.

There is no evidence whatever to support these findings. Appellant testified to the contrary as to each. His request for trial transcript and records by which he sought to substantiate his claims was denied.

This court, under circumstances similar to those alleged by appellant, held a plea and sentence to be invalid, where the defendant "had the assistance of counsel in name only * * *." Jones v. Smith, 5 Cir. 1969, 411 F.2d 475. Based upon the record before us, we see clear error in relying upon the findings of the state court that O'Neal had effective assistance of counsel at his trial.

Georgia's sweeping new Habeas Corpus Act of 1967 [1] authorizes the Georgia State Courts to hold factual hearings on habeas petitions. A factual hearing is an illusory benefit, however, if it is not a meaningful one. In this case, O'Neal asserted claims in the State hearing and testified to facts which, if true, would clearly render his conviction constitutionally infirm. See Jones v. Smith, *supra.*

Yet the State Trial Judge made no effort to conduct a factual hearing that inquired into these matters, including the actual performance of defense counsel. The Federal District Court had, therefore, no basis for denying a factual hearing, since the State proceeding failed, on at least two grounds, to measure up to the standards set by Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770.[2]

---

1. See Georgia Habeas Corpus Act of 1967, Ga.Laws 1967, p. 835, Ga.Code Ann. § 50–127. See also Peters v. Rutledge, 5 Cir., 1969, 397 F.2d 731; Elkins v. Kelley, 5 Cir., 1969, 410 F.2d 734.

2. "We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: * * * (3) the fact-finding procedure employed by the State Court

O'Neal is entitled to a meaningful hearing with findings that are based on evidence, not assumptions. The case is therefore remanded to the District Court so that an adequate factual hearing may be had.

Vacated and remanded.

was not adequate to afford a full and fair hearing * * * (5) the material facts were not adequately developed at the State Court hearing * * *." 372 U.S. at 313, 83 S.Ct. at 757, 9 L.Ed. 2d at 786.