Earl MITCHELL, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 28861

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1970.

Earl Mitchell, pro se.

Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Mitchell appeals from the District Court's dismissal of his petition for habeas corpus relief. We reverse and remand for an evidentiary hearing.

### I.

After pleading guilty, appellant was convicted of rape. A state trial court sentenced him to life imprisonment. Mitchell contends, *inter alia*, that his guilty plea was precipitated by a coerced confession, which the police allegedly obtained by utilizing threats and physical brutality. He asserts that the mistreatment continued at Orleans Parish Prison, where he was incarcerated after confessing.

 Moreover, Mitchell claims that the trial court denied him effective as-

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

sistance of counsel. According to his complaint, the legal aid lawyer appointed to defend him never consulted with him. Instead, the attorney gave the case to an assistant, who allegedly informed Mitchell that his confession would surely convict him and that he would receive the death penalty if the case went to trial. Mitchell claims that counsel failed to advise him that his coerced confession would be inadmissible. Mitchell "did not have money to hire counsel and he was afraid that without assistance of paid counsel he would be convicted. He knew that being charged with the rape of a white woman, he stood little chance of being given a fair trial."[1] Consequently, Mitchell avers, he decided to plead guilty "rather than be railroaded into the electric chair."

In McMann v. Richardson, 1970, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L. Ed.2d 763, the Supreme Court held that "a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." The Court stated further that a convicted person "is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." Id. at 774, 90 S.Ct. at 1450. Mitchell has made serious charges concerning the competency and efficacy of his legal representation. However, we need not, and do not, evaluate the validity of his accusations. We hold merely that Mitchell's allegations in his habeas corpus petition entitle him to an evidentiary hearing. See O'Neal v. Smith, 5 Cir. 1969, 413 F.2d 269.

## II.

■ Because of an administrative error, Mitchell mistakenly filed petitions for writs of habeas corpus in both the New Orleans and the Baton Rouge Divisions of the Eastern District of Louisiana. Each petition was denied, since Mitchell had failed to exhaust available state remedies. Appellant states that he filed the petition in Baton Rouge because he was instructed to do so by a deputy clerk in the New Orleans Division. This is borne out by a notation by the deputy clerk on appellant's letter of March 19, 1969. Since the appellant merely followed directions of the deputy clerk, he should not, and will not, be prejudiced thereby with respect to the instant proceeding.

After he had exhausted state remedies, Mitchell filed a motion to vacate the order denying his petition in the New Orleans Division. The District Court granted this motion, then dismissed the petition; it concluded that venue properly lay in the Baton Rouge Division, which includes the state prison where Mitchell resides. However, Mitchell was convicted in the Criminal District Court for the Parish of Orleans. Furthermore, all prospective witnesses for the evidentiary hearing, except Mitchell, reside in New Orleans.

■■ Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses. Although section 2241(d) primarily governs jurisdiction, we believe it has implications as to venue between divisions in the same district. Section 2241(d) militates in favor of filing the applicant's petition in New Orleans, the division where the witnesses are located, rather than in Baton Rouge, the division in which the applicant is confined.[2] See also 28 U.S.C.A. § 1404 (a).

1. Insisting that he is innocent, Mitchell further claims that the police wrongfully induced a false identification of him by the victim. If his plea of guilty was valid, however, Mitchell cannot utilize defects in the lineup procedure as grounds for habeas corpus relief. Farmer v. Beto, 5 Cir. 1969, 421 F.2d 184.

2. Concerning the legal significance of the division of the district, see Houston v. United States, 5 Cir. 1969, 419 F.2d 30.

The order of the District Court for the Eastern District of Louisiana, New Orleans Division, dismissing appellant's application for habeas corpus is reversed and the cause is remanded to that court for an evidentiary hearing.

We pretermit consideration of Mitchell's other grounds for habeas corpus relief.

Reversed and remanded.