## A03A0643. BYRD v. THE STATE.
### (583 SE2d 170)

ADAMS, Judge.

Due to health reasons, the forensic chemist from the state crime lab who tested contraband recovered from Patrick O'Neil Byrd, and determined it was cocaine, was unavailable to testify during Byrd's trial for possession of cocaine, possession of a firearm during a violation of the Georgia Controlled Substances Act, and criminal trespass. Over Byrd's hearsay objection, the trial court allowed the chemist's supervisor to testify instead. Byrd appeals.

The supervisor, Mark Burns, had previously testified as an expert approximately 300 to 400 times. He was accepted as an expert in drug identification without objection. He then admitted that he did not personally test the evidence at issue in this case; Lisa Olive had performed a thin-layer chromatography test and a gas chromatography-mass spectrometry test. And her work had been peer-reviewed. Burns described each technique, and then explained that he reviewed Olive's file including the output generated during the two different tests. The results had to be further interpreted, and he compared the results to published data to determine whether the substance tested was cocaine. Burns went on to testify over objection that based on the results of both tests, the substance tested positive for cocaine. Byrd was convicted.

We review a trial court's evidentiary rulings for abuse of discretion. See *Jones v. State*, 270 Ga. 25, 29 (8) (505 SE2d 749) (1998).

Byrd contends that because the supervisor did not perform any of the testing himself, the test results are inadmissible hearsay. "An expert may give an opinion upon the facts testified to by other witnesses, but not upon their opinions. A witness' opinion must be his own and he cannot act as a mere conduit for the opinions of others." (Citations, punctuation and emphasis omitted.) *Brown v. State*, 206 Ga. App. 800, 801-802 (427 SE2d 9) (1992). But "where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based in part on the other's findings." (Citations and punctuation omitted.) *Walker v. State*, 228 Ga. App. 509, 511 (2) (493 SE2d 193) (1997). See also *Pitts v. State*, 260 Ga. App. 553, 554 (1) (b) (580 SE2d 618) (2003); *Bellamy v. State*, 243 Ga. App. 575, 580 (3) (530 SE2d 243) (2000); *Robinson v. State*, 231 Ga. App. 368, 370 (3) (498 SE2d 579) (1998). Compare *Reardon v. Manson*, 806 F2d 39, 42 (2nd Cir. 1986), cert. denied, *Reardon v. Lopes*, 481 U. S. 1020 (107 SC 1903, 95 LE2d 509) (1987) (upholding admission of drug composition testimony by supervising toxicologist who based his opinion on results of tests, including chromatography and spectrophotometry, performed by subordinates).

Accordingly, the trial court did not err by allowing Burns to testify based on his observations of the data collected by Olive. Furthermore, "even when an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion. The evidence should go to the jury for whatever [it is] worth." (Citation and punctuation omitted.) *Jackson v. State*, 257 Ga. App. 857, 859 (2) (572 SE2d 703) (2002). Here, Byrd cross-examined Burns and obtained the admission that it is possible that the tests might not have been performed correctly. We find no error.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 4, 2003.

G. Randolph Jeffery, for appellant.
W. Kendall Wynne, Jr., District Attorney, Bryan H. Frost, Assistant District Attorney, for appellee.