S05A1644. ROJAS v. THE STATE.
(625 SE2d 750)

MELTON, Justice.

Following a jury trial, Jose Felix Rojas was convicted for the felony murder of Franklin Hernan Carreno.[1] Rojas now appeals this conviction, contending, among other things, that the evidence was insufficient to support the verdict. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on June 9, 2003, Rojas, Carreno, and John Garcia were drinking alcoholic beverages at a party late into the evening. When the party ended, Garcia phoned his girlfriend, Maria Bermudez, and asked her to drive him, Rojas, and Carreno to their homes. Bermudez picked them up and drove all of them to Carreno's apartment, where the four continued to drink and party until the early hours of the morning. The noise of their revelry woke Carreno's roommate, Wilfredo Mayor, who then left the apartment to go to work. Sometime thereafter, Garcia and Bermudez left, and Rojas and Carreno were alone in the apartment for some time. When Carreno's roommate returned home the following afternoon, he found the apartment in complete disarray and covered in blood spatter. He then discovered Carreno's body on the floor in his bedroom. Carreno had been stabbed 22 times, with a fatal neck wound that severed his carotid artery and jugular vein. The blade of a kitchen knife was found at the scene, and a bloody fingerprint belonging to Rojas was discovered inside the apartment. Carreno's blood was found on the shorts that Rojas was wearing on the night of the murder.

---

[1] Rojas was indicted on October 8, 2003 for the crimes of malice murder, felony murder, and possession of a knife during the commission of a felony. Rojas was convicted on August 2, 2004 for felony murder based upon the aggravated assault of Carreno, and he was sentenced to life imprisonment. Rojas' motion for new trial was denied on March 30, 2005, and his notice of appeal was timely filed on April 29, 2005. His appeal, docketed in this Court on June 27, 2005, was submitted for decision on the briefs.

On the day after the murder, a friend of Rojas found him sleeping and disoriented in her carport. Rojas had wounds on his feet, hand, and on the back of his head. Rojas later went to the police voluntarily, and he told them that he could not remember the events of the night in question. He further stated that he had never been to Carreno's apartment, but he believed that he and Carreno had been attacked by unknown persons.

This evidence was sufficient to support Rojas' conviction for felony murder. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Rojas contends that the trial court erred by admitting a pre-autopsy photograph of Carreno's fatal neck wound, arguing that it was introduced solely to create an emotional response in the jurors. "Pre-autopsy photographs of the victim[, however, are] admissible to show the nature and extent of his wounds." *Hames v. State*, 278 Ga. 182, 185 (6) (598 SE2d 459) (2004). Moreover, the record reveals that the photograph in question was admitted outside the presence of the jury, and the State never used or referred to the photograph in the jury's presence. Therefore, Rojas's argument is wholly without merit.

3. Rojas contends that the trial court erred by allowing the State to ask a crime scene technician why she did not initially discover a bloody knife blade found at the scene of the murder. The record shows that, on the day that Carreno's body was discovered, Shannon Mangano, a crime scene technician, processed Carreno's apartment. Mangano did not, however, find any weapons. Later, Carreno's girl-friend, while she was cleaning the apartment, found a bloody knife blade underneath a pair of blood-soaked jeans in Carreno's bedroom. During trial, the State asked Mangano why she did not initially find the knife blade, and Mangano explained that, due to the large amount of congealed blood at the scene, the knife blade must have stuck to the jeans. Rojas contends that, by allowing Mangano to answer the State's question, the trial court improperly allowed mere speculation by the witness into evidence. Mangano's testimony, however, was not mere speculation. To the contrary, her answer was based on her first-hand observation of the crime scene, the investigation that she conducted there, and her training as a crime scene investigator. Therefore, the trial court did not err in allowing this testimony to be elicited. *Felder v. State*, 270 Ga. 641 (514 SE2d 416) (1999).

4. Rojas argues that, in its charge to the jury, the trial court placed undue emphasis on Rojas's guilt. A review of the record, however, shows that the trial court gave the jury the suggested pattern charges on the crimes for which Rojas was tried and clearly instructed the jury that the charge should not be construed in favor of a finding of guilt. Viewed in its entirety, the charge was not likely

to confuse a jury of average intelligence regarding Rojas's presumption of innocence. See generally *Lumpkin v. State*, 249 Ga. 834 (295 SE2d 86) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.