## S07A1419. DEBRO v. THE STATE.

(655 SE2d 804)

SEARS, Chief Justice.

The appellant, Jerro Debro, appeals from his conviction for the murder of Glenn Grisson and for the possession of a firearm during the commission of a felony.[1] On appeal, Debro contends that the trial court violated his right of confrontation by permitting a witness to testify regarding statements made to the witness by the victim. We conclude that, even if the trial court erred in permitting this testimony, the error was harmless. Accordingly, we affirm Debro's convictions.

1. On July 5, 2005, during daylight hours, Charles Paulk was at his home in Coffee County when he heard a "pop, pop, pop — noise." Paulk thought the "pops" were a series of gunshots, and he immediately looked out his window and saw a man in a white t-shirt beating something on the ground. Paulk could not see what was on the ground. Paulk saw the man stop, throw something into some bushes, and start running. Paulk followed the man, and testified that the man went into the home of one of his neighbors whose first name was "Phyllis." According to Paulk, a police officer arrived at that time, and

---

[1] The crimes occurred on July 5, 2005. On August 16, 2005, Debro was indicted for malice murder, for felony murder with aggravated assault as the underlying felony, and for the possession of a firearm during the commission of a felony. A jury found Debro guilty of all three counts of the indictment on January 24, 2007, and on that same day, the trial court sentenced Debro to life in prison for the malice murder conviction and to five consecutive years in prison on the possession offense. The felony murder conviction was vacated as a matter of law. On January 25, 2007, Debro filed a motion for new trial, and on March 3, 2007, the court reporter certified the trial transcript. On April 5, 2007, the trial court denied Debro's motion for new trial, and on that same day, Debro filed a notice of appeal. The appeal was docketed in this Court on June 5, 2007, and was subsequently submitted for decision on the briefs.

Paulk told the officer that the man had gone into Phyllis's house. Paulk added that he did not get close enough to the man to be able to identify him. While Mr. Paulk was following the man in question, his wife, a nurse, went to where the man was beating something on the ground, and she found the victim, Glenn Grisson. Ms. Paulk checked for vital signs and found none. She did not get a close look at the man in the white t-shirt and could not identify him, but she also saw him go into her neighbor Phyllis's house.

Leholmen Johnson, a neighbor of the Paulks, testified that, on July 5, 2005, she was home during the day and heard a series of shots. She then went outside, heard a noise in some trees, and saw a gun land in her yard. She did not see who threw the gun.

The house that the man in the white t-shirt ran into belonged to Phyllis Smith. Smith testified that, on July 5, 2005, she heard a constant knocking on her door. When she opened it, Debro was there. Debro asked to speak with Smith's daughter. Smith testified that, when her daughter came to the door, Debro asked her if she could take him somewhere, but he did not specify where. Smith's daughter testified that, when she saw Debro, he "was breathing hard, and he had a look on his face." She added that he asked her to take him somewhere three times without specifying where he wanted to go. Both Smith and her daughter testified that Debro then fainted on the kitchen floor. Smith added that, a short time later, a police officer came to her door and asked if anyone was in her house. She said "yes," and showed the officer where Debro was lying on the floor. The officer then took Debro into custody.

A medical examiner testified that the victim had suffered blunt force trauma to his face and head that had broken his nose and lacerated his face, mouth, and head. The victim also suffered five gunshot wounds that had been fired from behind or slightly behind him. One of the bullets pierced the victim's aorta and right lung and caused his death. The medical examiner added that the murder weapon was not fired from close or intermediate range, as she found no soot or stippling on the victim. Forensic evidence established that the gun thrown into Johnson's yard fired the shots that killed the victim and that a blood spot found on one of Debro's shoes was from the victim.

The crimes in question occurred on the grounds of the Housing Authority of the City of Douglas. Michael Harper, the security coordinator for the housing authority, testified at trial. Before his testimony began, however, Debro objected to it on the ground that Harper's testimony would violate *Crawford v. Washington*.[2] The trial

---

[2] *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

court overruled Debro's objection to Harper's testimony. Harper testified that, in April 2005, he knew both the victim, who worked in landscape maintenance for the company that handled landscaping for the housing authority, and Debro, who was the son of one of the housing authority tenants. Harper testified that, on April 13, 2005, the victim told him that Debro threatened him and tried to start a fight. Harper testified that he spoke with Debro about the victim's complaint; that Debro did not deny the complaint, but stated that he was "funning with [the victim]"; and that he (Harper) told Debro that his behavior had to stop. According to Harper, later on the same day, the victim told him that Debro had threatened him again. When Harper spoke to Debro the second time, Debro was very agitated and again did not deny the complaint and repeated that he was "funning with [the victim]."

Dougherty McMillan testified, without objection, that he worked with the victim and knew both the victim and Debro; that the victim bought drugs from Debro; and that he (McMillan) saw Debro pull a gun on the victim and tell him that "[t]he next time I see you and you don't have my money, I'm going to take you out." McMillan also testified that, about a week later, he saw Debro, who had a gun in his hand, chase the victim.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Debro guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. Debro contends that the trial court violated his right of confrontation, as defined in *Crawford v. Washington*,[4] by permitting Harper to testify to statements made to him by the victim. We conclude, however, that, even if the trial court did err, the error was harmless given the overwhelming evidence of Debro's guilt.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*John C. Culp*, for appellant.
*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Crawford v. Washington*, supra, 541 U. S. 36.

[5] *Porter v. State*, 278 Ga. 694, 696 (606 SE2d 240) (2004) (a *Crawford* violation can be found to be harmless if the evidence of the defendant's guilt is overwhelming).