## S09A0020. RECTOR v. THE STATE.
(681 SE2d 157)

MELTON, Justice.

Following a jury trial, Allen David Rector was found guilty of murder, felony murder, and aggravated assault in connection with the shooting death of Cedric Lewis.[1] On appeal, Rector contends that the evidence was insufficient to support the verdict, that the trial court erred in failing to give his requested charge on voluntary manslaughter, that the trial court erred in admitting into evidence hearsay statements of the deceased victim, that the trial court erred in allowing the State's toxicology expert to testify about a toxicology

---

[1] On September 22, 2005, Rector was indicted for malice murder, felony murder (with aggravated assault as the underlying offense), and aggravated assault. Following a jury trial held on November 6-13, 2006, Rector was found guilty on all counts. On November 13, 2006, Rector was sentenced to life for malice murder, the aggravated assault charge was merged into the felony murder charge for purposes of sentencing, and the conviction for felony murder was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Rector filed a motion for new trial on November 14, 2006, which he amended on March 28, 2008. The trial court denied Rector's motion for new trial on May 27, 2008. Rector's appeal was docketed in this Court on September 3, 2008, and submitted for decision on the briefs.

report prepared by another doctor, that the trial court impermissibly expressed an opinion on Rector's guilt or innocence, and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on January 12, 2005, Lewis went to a bar with some of his close friends. Rector was also at the bar, and he and Lewis got into a physical fight there. A bar manager intervened, and Lewis left. Lewis went to an apartment to hang out with his friends. Meanwhile, Rector went to his home, retrieved a handgun, and went to the apartment where Lewis was located. Rector knocked on the door, and when one of the people inside opened the door, Rector shot Lewis in the chest, killing him.

The evidence was sufficient to enable a rational trier of fact to find that Rector was guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Rector contends that the trial court erred in failing to give a charge on voluntary manslaughter in the exact manner that he requested. However, the charge actually given by the trial court adequately covered the law of voluntary manslaughter. "It is not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles." (Citation and punctuation omitted.) *Johnson v. State*, 276 Ga. 57, 60 (3) (573 SE2d 362) (2002).

3. Rector asserts that the trial court erred in admitting into evidence certain unspecified hearsay statements of the victim that were made after the initial altercation at the bar between Rector and the victim, and made at the apartment where the victim was located after the initial bar fight. Because these alleged statements were directly connected to the incident involving the shooting of the victim, however, the "testimony was admissible as a part of the res gestae and to explain the conduct of the deceased a few minutes before he was fatally shot by the defendant." *Elkins v. State*, 222 Ga. 746, 747 (1) (152 SE2d 377) (1966).

4. Rector claims that the trial court erred in allowing the State's toxicologist to testify about a toxicology report relating to the deceased victim that had been prepared by another doctor. The toxicologist who testified had reviewed the work of the doctor who had originally prepared the report and reached the same conclusion that the victim's blood sample tested negative for cocaine. Accordingly, "[r]ather than being a mere conduit for [the doctor's] findings, [the toxicologist] reviewed the data and testing procedures to determine the accuracy of [the] report. An expert may base [his] opinions on data gathered by others." (Citation omitted.) *Watkins v. State*, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009). See also *Byrd v. State*,

261 Ga. App. 483, 484 (583 SE2d 170) (2003) ("where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based in part on the other's findings"). Compare *Melendez-Diaz v. Massachusetts*, ___ U. S. ___ (129 SC 2527, 174 LE2d 314) (2009) (admission into evidence of testimonial affidavits of state laboratory analysts to prove material seized by police was cocaine violated defendant's Sixth Amendment right to confront the witnesses against him where analysts did not testify in person); *Miller v. State*, 266 Ga. 850 (7) (472 SE2d 74) (1996) (where forensic chemist did not testify, admission into evidence of mere affidavit that reported the results of a drug analysis violated defendant's constitutional right to confront the witnesses against him).

In any event, even if the trial court erred in admitting the evidence here because it violated Rector's right to confront the doctor who prepared the report, such error was harmless because there is no reasonable probability that it contributed to the verdict. See *Debro v. State*, 282 Ga. 880 (2) (655 SE2d 804) (2008); *Willingham v. State*, 279 Ga. 886 (1) (622 SE2d 343) (2005); *Walton v. State*, 278 Ga. 432 (2) (603 SE2d 263) (2004).

5. Rector contends that the trial court inappropriately expressed an opinion on his guilt or innocence by including the following language in its jury charge on self-defense: "[a] person is not justified in revenge by deliberately seeking out and assaulting the alleged wrongdoer." This statement is an accurate statement of the law as adjusted to the evidence that would in no way confuse a jury when placed in the context of the entire jury charge given. See *Rojas v. State*, 280 Ga. 139 (4) (625 SE2d 750) (2006); *Hill v. State*, 250 Ga. App. 9 (550 SE2d 422) (2001). It was not an improper comment on Rector's guilt.

6. Finally, Rector argues that his trial counsel was ineffective for failing to (a) call certain witnesses at the probable cause hearing; (b) promptly re-file for a bond after bond had been denied for Rector; (c) file various motions; (d) call certain witnesses at trial; and (e) object to testimony from the State's toxicologist because the toxicologist had not been identified as a potential witness prior to trial. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Terry v. State*, 284 Ga. 119 (663 SE2d 704) (2008), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697

(IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

With respect to counsel's alleged failure to call certain witnesses at the probable cause hearing, failure to promptly re-file for a bond for Rector, and failure to file various motions that Rector desired that he file, Rector has failed to show that he suffered any prejudice based on his counsel's actions. Specifically, the failure to call additional witnesses at the probable cause hearing would have done nothing to change the trial court's finding that probable cause existed; and Rector has not demonstrated that any additional motions relating to his bond or otherwise would have had any merit or would have affected the outcome of his case in any way. See *Fuller*, supra, 277 Ga. at 507 (3) (failure to show prejudice from counsel's actions is fatal to claim of ineffective assistance); *Lupoe v. State*, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008) (failure to file meritless motion "cannot amount to ineffective assistance") (citation omitted); *Reed v. State*, 285 Ga. 64, 66 (6) (673 SE2d 246) (2009) ("after the fact disagreements about trial counsel's approach to the case . . . do not amount to a showing of ineffective assistance of trial counsel"). With regard to counsel's failure to call various witnesses at trial, counsel testified at the motion for new trial hearing that he made a strategic decision not to call these witnesses, as their testimony would have undermined Rector's justification defense at trial. See *Ventura v. State*, 284 Ga. 215 (4) (663 SE2d 149) (2008). Finally, Rector's argument that he did not have notice about the State's toxicologist testifying at trial is belied by the record. In its pretrial disclosure certificate, the State identified the toxicologist as a potential witness. Thus, an objection to the toxicologist testifying based on an alleged lack of notice would have been entirely without merit, and counsel's failure to object on this basis cannot amount to ineffective assistance. *Judkins v. State*, 282 Ga. 580 (5) (652 SE2d 537) (2007) (failure to make fruitless objection does not amount to ineffective assistance).

*Judgment affirmed. Hunstein, C. J., Carley, P. J., Benham, Thompson and Hines, JJ., concur.*

DECIDED JUNE 29, 2009 —
RECONSIDERATION DENIED JULY 28, 2009.

*Lawrence W. Daniel*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Nicholas Salter, Assistant District Attorneys, Thurbert E. Baker, Attorney*

*General, Jason C. Fisher, Assistant Attorney General*, for appellee.