## A92A0639. BRADFORD v. THE STATE.
### (420 SE2d 4)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of burglary, rape, aggravated sodomy (oral), aggravated sodomy (anal) and robbery. Following a jury trial, defendant was convicted of burglary, rape and aggravated sodomy (oral) and he was sentenced to two consecutive life terms and a consecutive 20-year term in confinement. Defendant's motion for a new trial was denied and he appeals. Pointing out that his sole defense was misidentification, and that a third person could have gained access to the victim's apartment, defendant contends the trial court erred in refusing to permit him to introduce in evidence a certified copy of the third person's conviction for aggravated assault with intent to rape.

The victim, a registered nurse, was attacked in the early morning hours by a man who was one of several workmen who had been employed to fix up the victim's apartment. The workmen had been given a key to the victim's apartment and it was apparent that whoever attacked the victim entered her apartment with the key.

The victim was repeatedly raped and sodomized for more than two hours. Soon after the attack began, she came to the conclusion that her attacker was the defendant. (She had met defendant and

spoken with him when he came to her apartment previously. Thus, she was familiar with defendant's appearance and voice.) She also concluded that her attacker had raped previously. (She testified that her attacker was "very aware of how to rape a woman." Before he left, the attacker checked the victim's vagina and anus for signs of trauma; and he "firmly" swept his hand through her pubic hair as if he was "trying to destroy evidence.")

The victim was taken to the hospital where she told the police that her attacker was "Eddie the painter." Thereafter, the police located defendant and brought him to the hospital where the victim identified him as her attacker.

At trial, the victim positively identified defendant once again. Forensic evidence corroborated the victim's identification. (For example, deoxyribonucleic acid ("DNA") tests conducted by the Federal Bureau of Investigation established that the odds someone other than defendant attacked the victim were 1 in 49 million.)

Defendant's sole defense was misidentification. He attempted to demonstrate that the attack was committed by a third party, one Marcus Rhodes. Rhodes was one of the other workmen who fixed up the victim's apartment. Rhodes had been convicted of aggravated assault with intent to rape in 1986.

Defendant called Rhodes to the witness stand and urged the trial court to permit the introduction of a certified copy of Rhodes' aggravated assault conviction. The trial court refused. *Held*:

"Generally, accused may introduce evidence tending to show that another person committed the crime with which he is charged, if a proper foundation is laid, unless the probative value of the evidence is substantially outweighed by actual risk of undue delay, prejudice, or confusion.

"However, the evidence to establish that someone else, and not accused, is the guilty party must be such evidence as is relevant on the trial of accused, and that the evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence.

"The evidence, to be admissible, must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible. . . .

"Although the fact that others have committed crimes of the same or similar nature is ordinarily irrelevant and inadmissible, accused may introduce evidence that another person recently committed a similar crime by similar methods, since such evidence tends to

show that someone other than accused committed the particular crime." 22A CJS Criminal Law, § 729.

In the case sub judice, defendant was entitled to introduce relevant and admissible evidence sufficient to raise an inference that someone other than himself committed the crimes. *Walker v. State*, 260 Ga. 737, 738 (1) (399 SE2d 199); *Henderson v. State*, 255 Ga. 687, 689 (1) (341 SE2d 439); *Butler v. State*, 254 Ga. 637 (332 SE2d 654). However, the certified copy of Rhodes' aggravated assault conviction was not relevant and admissible. Its admission would have had no effect other than to cast a bare suspicion upon Rhodes. Thus, in the absence of testimony demonstrating that Rhodes was convicted for a "similar crime by similar methods," the trial court properly excluded the certified copy of Rhodes' conviction. 22A CJS Criminal Law, § 729, supra. See *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992 — 

*Richard L. Dickson, J. Michael Mullis, Vicki C. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.