A00A1550. DIX v. THE STATE.
(540 SE2d 294)

RUFFIN, Judge.

Savin Dix was convicted of aggravated assault, aggravated assault with intent to rob, and aggravated battery. On appeal, he challenges the sufficiency of the evidence; contends that the prosecutor argued facts not in evidence during closing; and contends that the trial court erred in excluding certain evidence and preventing cross-examination of a prosecution witness. For reasons discussed below, we affirm.

As Daniel and Susan Kwon were closing their grocery store between 10:30 and 11:00 p.m. on December 13, 1994, Susan noticed two men in the parking lot. After she told the men to leave, one of the men pulled a gun and fired three shots, hitting Daniel. Daniel pulled his own gun and handed it to Susan, and the two men fled.

Vernon Martin, a store employee who witnessed the shooting, identified Dix as the shooter and Lamar Riley as the other person. Martin said that, although he did not learn the men's names until after the shooting, he "knew them by face" because he had seen them around the store before.

Susan Kwon testified that the shooter was wearing a dark blue jacket with red and white coloring and a hood. Loverecee Pullins testified that she saw Dix the night of the shooting, and that he was wearing a dark blue hooded jacket with "some white and red in it." She said Dix was walking toward another individual known as "Bump," which another witness said was Riley's nickname.

Detective Walker testified that Antonio Martin gave him a written statement a few days after the shooting. Martin told Walker that,

at about 11:00 p.m. on December 14, 1994, he saw Dix, Riley, and two others arguing with each other, "saying they had missed the money." Dix was telling Riley that "he didn't do his part" and that, "[a]fter I shot, you were supposed to have busted the window and got the money out the car." Martin told Walker that he heard Dix say he fired three shots.

Antonio Martin testified at trial and admitted giving a statement to Detective Walker. However, although he admitted that he overheard Dix and Riley arguing, he denied telling Walker what they were arguing about. Martin's statement to Walker was then admitted as substantive evidence.[1]

Twana Williams, who was pregnant with Dix's child at the time, testified that Dix was with her on the night of the shooting. She testified that Dix had a brother, Desmond, who had "disappeared," and that the two "look[ed] like twins."

1. In his first enumeration, Dix challenges the sufficiency of the evidence. However, he makes absolutely no argument that the evidence was insufficient to support the verdict, and indeed admits that "the evidence may have been sufficient to establish his guilt." Although he suggests that an allegedly improper comment by the prosecutor during closing argument "greatly prejudiced his case," this does not go to the sufficiency of the evidence. By failing to make any argument, or even any assertion, that the evidence was insufficient, Dix has abandoned this enumeration.[2]

2. Dix contends that the trial court erred in failing to "take remedial measures" when the prosecutor allegedly referred to facts not in evidence during closing argument. Although Dix does not provide any record citations in support of this enumeration, it appears that he is referring to two statements made by the prosecutor. In the first statement, the prosecutor said that Vernon Martin "did identify both defendants prior to coming into court yesterday." After the prosecutor made this remark, the attorney for Dix's co-defendant, Riley, said that he had an objection, but did not state the grounds therefor. The trial court overruled the objection. Dix's attorney did not raise his own objection or adopt the objection made by Riley's attorney.

The second statement occurred immediately thereafter, when the prosecutor said that the arresting officer, Detective Walker,

> knows Desmond Dix [Savin Dix's brother] and Desmond does look, as Ms. Williams testified to, a lot like Savin. Detective Walker knows Desmond. Yet based on the infor-

---

[1] See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).
[2] See *Gordon v. State*, 235 Ga. App. 169 (1) (508 SE2d 782) (1998).

mation that he had, and knowing the two of them, he arrested Savin. It wasn't like he didn't know that. . . .

Dix's attorney at this point objected that the prosecutor was misstating the evidence, stating that "[t]here's no testimony at all about the investigation or anything turning from Detective Walker to Desmond Dix. No evidence of that." The court stated that "[t]he jury will remember the evidence."

OCGA § 17-8-75 provides that, if counsel makes "statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same." In order to secure appellate review of a violation of this statute, however, it is necessary to object to the prejudicial remark at the time it is made.[3] "[U]nless the court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time in a motion for new trial."[4]

With respect to the first allegedly prejudicial comment, Dix's attorney did not join in the objection raised by Riley's attorney. We have held that, "where a defendant does not expressly adopt the objection of a co-defendant, he thereby waives that objection and may not utilize it to gain review."[5] Because Dix did not join in the objection made by Riley's attorney, and did not state his own objection, he may not raise this issue on appeal.[6]

With respect to the second comment, Dix's only objection at trial was that there had been no testimony about "the investigation or anything turning from Detective Walker to Desmond Dix." The prosecutor did not, however, state that there was such evidence, but simply stated that Detective Walker knew Desmond and did not arrest him. Because the prosecutor did not state that the investigation ever focused on Desmond Dix, she did not misstate the evidence on the grounds asserted in Dix's objection.[7]

3. Dix contends that the trial court erred in preventing him from cross-examining Detective Walker regarding "his failure to investigate Desmond as a suspect in this case." In his discussion of this enumeration, however, Dix provides no record citations showing where the trial court prevented such cross-examination, and our review of

---

[3] *Johnson v. State*, 198 Ga. App. 316, 317 (7) (401 SE2d 331) (1991).

[4] (Punctuation omitted.) *Hudson v. State*, 250 Ga. 479, 484 (4) (299 SE2d 531) (1983).

[5] (Punctuation omitted.) *Heard v. State*, 204 Ga. App. 757, 759 (4) (420 SE2d 639) (1992).

[6] See id.

[7] Although Dix claims on appeal that Detective Walker did not in fact know Desmond, he did not object at trial on the grounds that the prosecutor misstated the evidence in this regard. Because "[a] trial objection on a specific ground waives appellate review of other grounds," he cannot raise this issue on appeal. *Zachery v. State*, 238 Ga. App. 191, 192 (2) (517 SE2d 71) (1999).

the record shows no such ruling. Indeed, the record does not show that Dix even attempted to question Walker about whether he investigated Desmond as a suspect in the shooting. Accordingly, Dix cannot complain on appeal that the trial court prevented him from such questioning.[8]

Dix also asserts that the trial court erred in refusing to allow him to introduce a photograph of Desmond to show that they resembled each other. In offering the photograph, Dix stated that Desmond was "one potential person who may have committed this crime." The trial court sustained the State's relevance objection to the photograph.

A criminal defendant may generally introduce evidence tending to show that another person committed the crime with which he is charged.[9] However,

[t]he evidence, to be admissible, must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides [the] accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible.[10]

The admissibility of such evidence is within the discretion of the trial court.[11]

Dix provided the trial court with no evidence whatsoever that Desmond was involved in the shooting, and he points to no such evidence on appeal. In the absence of any such evidence, the mere fact that Desmond may have resembled Dix can do no more than cast a bare suspicion upon him. Accordingly, the trial court did not abuse its discretion in refusing to allow the photograph. Even if the court did err in excluding the photograph, it is highly probable that such error did not contribute to the verdict. As mentioned above, Williams testified that Dix and his brother Desmond looked like twins, and the prosecutor admitted in closing arguments that the two looked alike. Thus, a photograph would have added little if anything to the undis-

---

[8] The trial court did sustain the State's relevance objection when Dix asked if Walker was investigating the disappearance of Desmond. Dix did not, however, inform the court at this time that he was contending Desmond might have committed the crime. Thus, the court clearly did not abuse its discretion in preventing questioning regarding the investigation of Desmond's disappearance. Dix did not seek to resurrect this line of questioning when he later informed the court of his theory that Desmond might have committed the crime.

[9] *Bradford v. State*, 204 Ga. App. 568, 569 (420 SE2d 4) (1992).

[10] (Punctuation omitted.) Id.

[11] See *Hood v. State*, 216 Ga. App. 106, 108 (4) (453 SE2d 128) (1995).

puted evidence that the two resembled each other.[12]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 11, 2000.

*Elaine T. McGruder*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, for appellee.

---

[12] See *Dukes v. State*, 224 Ga. App. 305, 308 (2) (480 SE2d 340) (1997) (exclusion of evidence " 'was wholly harmless where other evidence of the same facts was introduced and admitted.' ").