A03A1469. HANSON v. THE STATE.
(587 SE2d 200)

ANDREWS, Presiding Judge.

Kent Hanson appeals from the judgment entered after a jury found him guilty of two counts of child molestation and two counts of aggravated child molestation. He contends that the trial court erred in allowing child witness testimony, in allowing evidence of psychological evaluations, and in not allowing him to present evidence that there were other individuals who could have committed the crimes. For reasons that follow, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The two victims were six and eight when the abuse occurred. G. B., the first victim to testify, said she lived with her grandmother and would visit her mother on weekends. At the time, Hanson and G. B.'s mother were living together, but they did not have a house and were staying with the mother's sister.

G. B.'s grandmother first realized something was wrong when G. B. came home after visiting her mother and began crying. She told her grandmother that Hanson had "messed with" her. She said this had happened more than once. The grandmother said that G. B. told her that Hanson had "put his penis in her." There was also testimony that G. B. began having behavioral problems in school and her grades dropped.

The mother's sister testified that Hanson would go in the bedroom with G. B. and lock the door. The sister's son, who was five years old, told his mother that Hanson had touched G. B. on her "booty," and her younger son, who was three, said, "Yes, mamma, he did."

The other victim, P. C., was Hanson's daughter, who did not live with him, but would visit him periodically. She testified that Hanson had touched her "private parts." She stated that this had happened two different times, both times when she was alone with Hanson in the bedroom.

The nurse who examined P. C. testified that she told her that when she visited her father, she slept in the bed with her father and his girlfriend. P. C. said that when his girlfriend was asleep, her father started touching her.

The doctor who examined P. C. testified that she had a tear in the vaginal area that appeared to be three to four days old and was consistent with sexual abuse. The pediatrician who saw both girls testified that both G. B.'s and P. C.'s exams showed signs consistent with penetration and sexual abuse.

The officer who interviewed the children stated that both girls told her that Hanson had molested them. The psychologist who interviewed both children testified that G. B. described the molestation by Hanson as touching her on the chest and genitals, finger penetration of the vagina, and genital penetration of the anus. He stated that G. B.'s emotional reactions were all consistent with child abuse.

In his interview with P. C., the psychologist said that she used a picture to show her father touching her genitals with his hand. He stated that, in his opinion, both girls had been sexually abused.

1. In his first enumeration of error, Hanson claims the trial court erred in allowing the out-of-court statements of the child witnesses who told their mother they had seen Hanson touch G. B.'s "booty." We agree that hearsay statements made by a child who witnesses an act of sexual abuse are not admissible at trial, and it was error for the trial court to admit this evidence. *Woodard v. State*, 269 Ga. 317, 321 (496 SE2d 896) (1998).

The next question is whether this error was harmless. The test for harmless error in a criminal case is whether it is highly probable that the error did not contribute to the judgment. *Johnson v. State*,

238 Ga. 59, 61 (230 SE2d 869) (1976). Thus, the "[i]mproper admission of hearsay evidence may be harmless only if it is cumulative of other 'legally admissible' evidence of the same facts." *Phillips v. State*, 241 Ga. App. 764, 767 (527 SE2d 604) (2000).

Hanson cites to *Phillips*, supra, as authority for his claim that the error was harmful; but, in *Phillips*, there was no physical evidence of abuse and there were serious questions raised as to the credibility of the victims. Id. at 767. Here, the evidence of the child witnesses was cumulative of the other evidence at trial. There was undisputed physical evidence that both children had been sexually molested and both children consistently identified Hanson as the one who molested them.

Therefore, Hanson is unable to "show that had [these statements] not been disclosed to the jury, there existed a reasonable probability that the result of the trial would have been different." *London v. State*, 274 Ga. 91, 94 (549 SE2d 394) (2001).

2. In his next enumeration of error, Hanson contends the trial court erred in not allowing him to present evidence that someone else could have molested the children.

> " 'Generally, accused may introduce evidence tending to show that another person committed the crime with which he is charged, if a proper foundation is laid, unless the probative value of the evidence is substantially outweighed by actual risk of undue delay, prejudice, or confusion.' " *Bradford v. State*, 204 Ga. App. 568, 569 (420 SE2d 4) (1992). This evidence must be such as is relevant to the accused's trial and limited to facts " 'inconsistent with his own guilt' " and " 'raise a reasonable inference or presumption as to his own innocence.' " Id. It " 'must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible. . . .' " Id.

*Croom v. State*, 217 Ga. App. 596, 599 (458 SE2d 679) (1995).

Hanson presented no evidence below or on appeal that linked anyone else to the crimes charged or even remotely satisfied the above requirements. Accordingly, this enumeration is without merit.

3. In his last enumeration, Hanson argues the trial court erred in allowing the testimony of Dr. Holmes, the psychologist who interviewed the children. Hanson called an expert witness who testified

that one of the tests used by Dr. Holmes had been discredited in the psychological community.

There was no error. Conflicting expert opinions on test results in these circumstances go to the weight rather than the admissibility of the testimony. *Chapel v. State*, 270 Ga. 151, 156 (510 SE2d 802) (1998).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 3, 2003.

*Renate D. Moody*, for appellant.

*Howard Z. Simms, District Attorney, Dorothy A. Vinson, Assistant District Attorney*, for appellee.