297 Ga. 261
FINAL COPY

S15A0591.  DAUGHTIE v. THE STATE.

THOMPSON, Chief Justice.

Appellant James Daughtie was convicted on all eight counts of an indictment, which included malice murder and theft by receiving stolen property.[1]  He appeals, asserting, inter alia, the evidence was insufficient to support the verdict.  Except for his conviction for theft by receiving stolen property, we find no error and affirm.

1.  Viewed in a light favorable to the verdict, we find the following:  The victims, Ozzie Brian Jones and Dontrell Kyler, went to two different nightclubs and a diner on the night in question.  Appellant, who was driving his mother's

---

[1] The crimes occurred on August 19, 2010.  Appellant was indicted on charges of malice murder, felony murder predicated on the underlying felony of aggravated assault, criminal attempt to commit armed robbery, aggravated assault, two counts of possession of a firearm during the commission of a crime, theft by receiving stolen property and possession of a firearm by a convicted felon.  Trial commenced on May 3, 2011, and appellant was found guilty on all charges on May 5.  The trial court sentenced appellant to life in prison for malice murder and consecutive terms of ten years for criminal attempt to commit armed robbery, ten years for theft by receiving stolen property, twenty years for aggravated assault, five years for each count of possession of a firearm during the commission of a crime, and five years for possession of a firearm by a convicted felon.  Appellant filed a motion for new trial on May 10, 2011, which was amended on August 26, 2013, and again on October 4, 2013.  The trial court denied the motion, as amended, on March 25, 2014.  Appellant filed a notice of appeal on April 15, 2014.  The appeal was docketed in this Court for the January 2015 term and orally argued on March 3, 2015.

dark green Chevrolet Trail Blazer, visited one of the clubs, as well as the diner, the same evening. Kyler and Jones left the diner in the early morning hours; Jones was driving, Kyler was in the passenger seat.

Jones noticed a dark-colored Trail Blazer following them. As Jones stopped to drop off Kyler, the Trail Blazer turned in front of his vehicle. Two men exited the Trail Blazer; one of them cocked his gun, stated "you know what it is," and began shooting. Jones grabbed his own gun and began shooting back until his gun either ran out of bullets or jammed. At that point, Jones and Kyler crouched down to "play dead," but the shooting continued. Jones was wounded; Kyler was killed. Once the shooting stopped, Jones continued to play dead. Then one of the assailants opened the driver's side door and began to search Jones' pocket. Jones slammed his foot on the accelerator and crashed into the back of a building. Jones jumped out of his vehicle, ran to hide under a house, and called police. He remained under the house until police arrived on the scene.

Thereafter, at approximately 4:45 a.m., appellant, who had been shot in the leg, called police to report a robbery. At that time, appellant was at his mother's house; however, he told police he was robbed earlier at a gas station.

Police took appellant to a hospital; meanwhile, they obtained his mother's permission to search her house. Police found blood-stained clothes and towels, a stolen 9mm handgun, and Timberland boots during the search. The evidence demonstrated that the handgun fired the bullet recovered from Kyler's body and that the size and tread pattern of the boots could have made a shoe print discovered at the murder scene.

With the exception of his conviction for theft by receiving stolen property, see Division 2, infra, the evidence was sufficient to enable a rational jury to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See also Blevins v. State, 291 Ga. 814, 816 (733 SE2d 744) (2012) (conviction based solely on circumstantial evidence need not exclude every conceivable hypothesis, only those that are reasonable).

2. Under OCGA § 16-8-7, a person commits theft by receiving stolen property when he disposes of, receives or retains stolen property which he knows or should know is stolen. Thus, to convict appellant of theft by receiving the handgun used to kill Kyler, it was incumbent upon the State to prove beyond a reasonable doubt that appellant knew, or should have known, the gun was

3

stolen when he received and retained it. Knowledge that the gun was stolen "'may be inferred from circumstances, when the circumstances would excite suspicion in the minds of ordinarily prudent persons.'" Martin v. State, 300 Ga. App. 39, 40 (684 SE2d 111) (2009) (citation omitted). See also Stacey v. State, 292 Ga. 838, 840 (741 SE2d 881) (2013). However, "[k]nowledge that a gun was stolen cannot be inferred even when the defendant bought a gun on the street at a reduced price, [Cits.], or when the gun was labeled for law enforcement use. [cit.]" Stacey, supra. Nor can such knowledge be inferred when "there is only evidence that [defendant] found a gun that had been reported stolen." Id.

At trial, the State called the owner of the handgun as a witness. He testified the gun was stolen from him in North Carolina by a friend. The only other evidence introduced by the State concerning the stolen gun was an orally recorded statement appellant made in response to police questioning at the station house. Asked where he obtained the handgun, appellant told police he found it behind a club in North Carolina, adding "the way [he] found it, looks like somebody put it there." Because this evidence sheds no light on appellant's knowledge of the provenance of the handgun, we find it insufficient to enable

a rational jury to find appellant guilty beyond a reasonable doubt of theft by receiving stolen property. Stacey, supra.

The State urges us to find the evidence sufficient to convict appellant of theft by receiving based on appellant's statement to police that he found the gun. In this regard, the State argues that the jury could have regarded appellant's statement as substantive evidence of guilt if the jury rejected it as false. See Ferguson v. State, 307 Ga. App. 232, 235-236 (704 SE2d 470) (2010).

In Ferguson, the defendant was convicted of several crimes, including automobile theft. Testifying at trial, Ferguson denied he committed the theft and, on appeal, he claimed the evidence was insufficient to prove guilt beyond a reasonable doubt. The Court of Appeals affirmed, finding the evidence sufficient for several reasons. First, the appellate court pointed to video surveillance evidence from which the jury could conclude that Ferguson was the individual that stole the vehicle. Second, the court observed that Ferguson's conviction was supported by similar transaction evidence. Finally, relying, inter alia, upon Wright v. West, 505 U. S. 277, 297 (112 SCt 2482, 120 LE2d 225) (1992) (plurality opinion), and United States v. Jiminez, 564 F3d 1280, 1285 (11th Cir. 2009), the court held that because Ferguson testified at trial, and

5

[b]ecause we must view the evidence in the light most favorable to the State, we must assume that the jury concluded that Ferguson was untruthful when he denied stealing the Camry, and we must allow that the jury could infer from the untruthfulness of his testimony that Ferguson did, in fact, steal the [automobile].

Ferguson, 307 Ga. App. at 236.

Although Ferguson set forth a correct principle of law, it has no place here because, unlike Ferguson, there is no other evidence of appellant's guilt in this case. As the Court of Appeals for the Eleventh Circuit observed in United States v. McCarrick, 294 F3d 1286, 1293 (11th Cir. 2002):

> [W]e reject the government's assertion that the jury's purported disbelief of McCarrick's testimony can be used as the *sole* basis to support a conviction beyond a reasonable doubt, even in the absence of any other probative government evidence. . . . In [United States v.] Brown, [53 F3d 312 (11th Cir. 1995)], we held that, *in combination* with other evidence, the jury's disbelief of a defendant's testimony may be used to help establish his guilt. We explained that "a statement by a defendant, if disbelieved by the jury may be considered as *substantive evidence* of the defendant's guilt . . . at least where some corroborative evidence exists for the charged offense . . . .

(emphasis in original). See also United States v. Williams, 390 F3d 1319 (11th

6

Cir. 2004) (concurring opinion).

If the State were correct that jury disbelief of a testifying defendant could sustain a conviction without anything more, it would render appellate review of the sufficiency of the evidence meaningless in any case in which the defendant exercised his right to testify. As the Court of Appeals for the District of Columbia Circuit observed:

> [A] decision along the lines the government proposes would mean that in cases in which defendants testify, the evidence invariably would be sufficient to sustain the conviction. We would in each such case assume the jury correctly evaluated the evidence. In explaining how this could be so in light of the defects in the government's proof, we would reason backwards to the only explanation available — the defendant's demeanor. This sort of approach, beginning with the hypothesis that the jury must have gotten things right, contradicts the reason why appellate courts review convictions for sufficiency of evidence — that juries sometimes get things wrong. Jackson v. Virginia, supra at 317.

United States v. Zeigler, 994 F2d 845, 849 (D.C. Cir. 1993).[2]

Because Ferguson can be of no help to the State in the absence of other

---

[2] Because we hold that inferences drawn from the disbelief of a defendant's testimony cannot support a conviction in the absence of other evidence of guilt, we cannot endorse Zeigler to the extent it holds that such an inference can never be considered when an appellate court assesses the sufficiency of the evidence.

evidence,[3] and because the other evidence is insufficient to sustain appellant's conviction for theft by receiving stolen property, we reverse that conviction. Stacey v. State, supra.

3. Appellant contends the trial court should have granted his motion for new trial because he introduced evidence at the motion hearing demonstrating that Kyle Felix, a GBI firearms examiner, misled the jury when he testified that appellant's 9mm handgun fired the bullet recovered from Kyler. In this regard, appellant argues the evidence adduced at the motion hearing shows Felix failed to inform the jury that in addition to his own test-fire of the handgun, he examined several test-fires performed by Chris Robinson, another firearms examiner who had been discharged for misappropriation of funds.[4] Continuing the argument, appellant posits that this new evidence casts doubt on the credibility of Felix and the reliability of the test-fires performed on the handgun. Finally, completing the argument, appellant asserts that, in considering his

---

[3] In passing, we note that unlike the defendant in Ferguson, appellant merely gave a recorded statement to police; he did not testify at trial. In view of our holding, we need not decide whether a jury can infer the truth is the opposite of a defendant's story based solely upon a defendant's out-of-court statement, i.e., when the jury is given no opportunity to assess a defendant's demeanor on the witness stand.

[4] Felix was not asked at trial whether he personally performed the test-fires.

8

motion for new trial upon the general grounds, the trial court failed to weigh the evidence as a "thirteenth juror," see White v. State, 293 Ga. 523, 524 (753 SE2d 115) (2013) (even when evidence is legally sufficient to sustain conviction, trial judge must assess motion for new trial as a thirteenth juror using OCGA §§ 5-5-20 and 5-5-21); Walker v. State, 292 Ga. 262, 264 (737 SE2d 311) (2013) (trial court does not exercise its discretion properly when it evaluates general grounds using Jackson v. Virginia standard), and that, had it done so, it would have granted appellant's motion. We disagree.

A review of the trial court's order demonstrates it was satisfied with the jury's verdict and exercised its discretion appropriately as a thirteenth juror by explicitly applying OCGA §§ 5-5-20 (trial court may grant new trial if verdict is contrary to principles of justice and equity) and 5-5-21 (trial court may grant new trial if verdict is decidedly and strongly against the weight of the evidence). See also Sutton v. State, 295 Ga. 350, 352 (759 SE2d 846) (2014) (trial court did not err in refusing to grant motion for new trial on the basis of newly discovered evidence demonstrating that firearms examiner who testified at trial fabricated data in another, unrelated case).

4. Appellant claims trial counsel provided ineffective assistance in two

9

respects. First, appellant asserts trial counsel should have objected to the testimony of an expert who opined that appellant's boots could have made the boot print found at the scene of the crimes. Second, appellant claims trial counsel should have investigated, interviewed and cross-examined the GBI firearms examiner, Kyle Felix, about the circumstances underlying the ballistics tests performed on appellant's handgun. To prevail on these grounds, appellant must show both that his counsel's performance was deficient and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. As to the first prong, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Appellant argues the boot expert's testimony was irrelevant and would have been excluded upon objection because the expert could not definitively

match the boots to the print and was only able to say the boots could have made the impression. We disagree. The expert's testimony was admissible; its weight was a matter for the jury to consider. See Hanson v. State, 263 Ga. App. 45, 47-48 (587 SE2d 200) (2003) (decided under former OCGA § 24-9-67).[5] Accordingly, counsel was not obligated to object to it. See Moore v. State, 293 Ga. 676, 679 (748 SE2d 419) (2013) (failure to raise meritless objection does not constitute ineffective assistance). Moreover, trial counsel testified at the motion for new trial hearing that she made a strategic decision not to object because the fact that the boots and the print could not be matched conclusively strengthened appellant's case. That decision was within the exclusive province of the attorney and did not amount to ineffective assistance. See Robinson v. State, 278 Ga. 31, 36 (597 SE2d 386) (2004) (whether and how to raise an objection is generally a matter of trial strategy); Fairclough v. State, 276 Ga. 602, 605 (4) (581 SE2d 3) (2003) (strategic decisions are within the exclusive province of the attorney after consultation with the client and do not constitute ineffective assistance). The fact that another attorney may have pursued a

---

[5] The former Evidence Code is applicable here because appellant was tried prior to January 1, 2013, the effective date of the new Evidence Code.

different strategy does not render trial counsel ineffective. Smith v. State, 283 Ga. 237, 239 (657 SE2d 523) (2008).

With regard to the testimony of Kyle Felix, appellant asserts that if trial counsel had prepared for trial more thoroughly, she would have been able to have excluded the firearms examiner's testimony because she would have discovered that Felix was merely a conduit for the opinion of the previous examiner, Chris Robinson.[6] See generally Cobb v. State, 283 Ga. 388, 390 (658 SE2d 750) (2008) (expert's opinion must be his own; he cannot serve as a mere conduit for the opinions of other experts); Byrd v. State, 261 Ga. App. 483, 484 (583 SE2d 170) (2003) (same). We reject this assertion. The evidence adduced at the hearing upon appellant's motion for new trial shows that Felix did not examine Robinson's test-fires until after he conducted his own test-fire; and that he did not look at Robinson's report until he completed his own analysis and made his own determination that appellant's handgun was the murder weapon. Moreover, Felix testified that his report and Robinson's differed in some respects. Thus, Felix did not serve as a conduit for Robinson's conclusions. On the contrary, he testified on the basis of his own examinations and observations.

---

[6] See Division 3, supra.

12

It follows that, even if trial counsel can be faulted for failing to discover that Felix examined Robinson's test-fires, Felix's testimony would have been admitted in evidence, see Hanson v. State, 263 Ga. at 47-48, and the outcome of the trial would not have been different.

5. Lastly, appellant complains he was denied his right to be in the courtroom when, during a bench conference, the parties discussed a redacted CD containing the statement appellant made to police. See generally Sammons v. State, 279 Ga. 386, 387 (2) (612 SE2d 785) (2005) (defendant has constitutional right to be present during critical stage of proceedings). However, although there was a brief discussion about the CD[7] after appellant left the courtroom, and

---

[7] That discussion took place between the prosecutor and defense counsel and, in its entirety, reads:
> PROSECUTOR: [Counsel] did you have any objection to the redacted CD.
> COUNSEL: No. Other than my objections to the whole thing.
> PROSECUTOR: Right. But I got everything out that you wanted out.
> COUNSEL: Yeah, you got everything out this time.

To the extent appellant may be complaining about this colloquy (in addition to what was discussed at the bench conference), we would find no error because it concerned only a housekeeping matter and appellant's presence would not have been useful. See Parks v. State, 275 Ga. 320, 322-325 (565 SE2d 447) (2002) ("right to be present exists where there is a reasonably substantial relation to the fullness of opportunity to defend against the charge and to the extent that a fair and just hearing would be thwarted by the defendant's absence"); Smith v. State, 319 Ga. App. 590, 596 (737 SE2d 700) (2013) (defendant's presence during housekeeping or legal discussions would not have been useful to the resolution of any matter).

*before* the bench conference, nothing in the record indicates the subject matter of the conference, which was not transcribed.  Asked at the motion for new trial hearing if she could recall what was discussed at the bench conference, trial counsel could only speculate.  Speculation as to what may have been discussed at the conference cannot serve as the basis for the grant of a new trial.  See Huff v. State, 274 Ga. 110, 112 (549 SE2d 370) (2001).

Judgment affirmed in part and reversed in part.  All the Justices concur.


Decided June 1, 2015.

Murder. Richmond Superior Court. Before Judge Overstreet.

Jana W. Jacobson, for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Joshua B. Smith, Titus T. Nichols, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.