**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 24, 2020**

# In the Court of Appeals of Georgia

A20A0276. NEWSOME v. THE STATE.

BARNES, Presiding Judge.

In 2017, a jury found Tenace Terrell Newsome guilty of armed robbery, robbery, aggravated assault, possession of marijuana with intent to distribute, possession of marijuana less than an ounce, and theft by receiving stolen property (a handgun). Ultimately convicted only of the armed robbery and theft by receiving stolen property charges,[1] Newsome contends in this appeal that the evidence was

---

[1] After the jury returned its verdict, the trial court merged several counts, then entered a judgment of conviction for armed robbery, possession of marijuana with intent to distribute, and theft by receiving stolen property. Newsome's motion for new trial was granted as to the drug counts, and he then filed a direct appeal to this Court. That appeal was dismissed for failure to follow interlocutory appeal procedures. See *Newsome v. State*, Case No. A19A0753 (dismissed May 13, 2019). The trial court subsequently nolle prossed the two drug charges, and Newsome procured the instant direct appeal.

insufficient to sustain his theft conviction and that the trial court committed plain error in the final jury charge. Except for Newsome's theft conviction, we affirm.

1. When an appellant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). So long as there is sufficient evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld. See *Boyd v. State*, 291 Ga. App. 528, 530 (662 SE2d 295) (2008).

Construed in favor of the prosecution, the evidence shows that Newsome, along with three other individuals, Tamar Daniel, Jakhymbai Johnson, and Keshawn Neal, were indicted in connection with an incident that occurred on June 24, 2016. The victim testified that on the day in question, Neal, from whom the victim had purchased marijuana before, agreed to sell him seven grams of marijuana. The victim arrived at the destination specified by Neal, and Neal instructed the victim to drive to a nearby cul-de-sac. When the victim parked there, Neal and Newsome entered the

2

back seat of the victim's car. The victim identified both men at trial and testified that he had not met Newsome prior to that time.

The victim testified that Newsome was carrying a duffel bag, which alarmed the victim because it was not an ordinary backpack. Newsome and Neal asked the victim how much he wanted to purchase; when the victim answered, the victim heard a clip slide into a gun. The victim turned around and saw Newsome pointing a gun in his face. Newsome told him to "come up off of everything," and the victim gave Newsome an envelope that contained approximately $70. Neal and Newsome got out of the car, ran to an adjacent neighborhood, then fled the area in a dark blue Toyota Corolla or Camry. The victim followed the men while calling 911 to report that he had been robbed. Both men were in the backseat of the car, which was being driven by Daniel and was also occupied by Johnson.

A police officer heard the report of an armed robbery, spotted the reported vehicle, and followed it to Daniel's residence, where he activated his lights and waited for backup before approaching the vehicle. The officer testified that four people were in the vehicle, and each person was removed. The vehicle was searched, and a gun was found lying in plain sight on the console between the front seats. A plastic bag containing marijuana was found under the driver's seat; another bag of

marijuana was found on the backseat floorboard; and a large bag of marijuana and some pills were found inside a duffel bag located in the back seat. All four occupants were arrested and charged with various offenses. Johnson and Daniels pled guilty to possession of marijuana, and were sentenced to probation. Neal and Newsome were tried jointly; and as detailed above, Newsome was found guilty as charged.

In this appeal, Newsome argues that the evidence was insufficient to find him guilty of theft by receiving stolen property (the handgun). Pursuant to OCGA § 16-8-7 (a),

> [a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

Newsome maintains that the State failed to show that he knew or should have known that the gun was stolen, which mandates the reversal of that conviction. Newsome is correct.

In *Wooten v. State*, 348 Ga. App. 408 (823 SE2d 98) (2019), we explained that

> [p]roof of possession, alone, of recently stolen property is not sufficient to establish the essential element of the offense of theft by receiving

4

stolen property that the possessor knew or should have known that the property was stolen. Guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. However, knowledge that a gun was stolen cannot be inferred even when the defendant bought a gun on the street at a reduced price, or when the gun was labeled for law enforcement use. Nor can such knowledge be inferred when there is only evidence that the defendant found a gun that had been reported stolen.

(Citations and punctuation omitted.) Id. at 412-413 (2). In the instant case, the owner of the handgun testified that on July 5, 2015, she reported that her handgun had been stolen from her storage facility. She also testified that she had not given anyone permission to take her handgun. The robbery occurred almost a year later in June 2016. Although the victim placed the gun in Newsome's possession and control during the robbery and also identified the weapon at trial, there was no evidence offered as to whether Newsome knew or should have known that the gun was stolen. Newsome testified that the gun at issue belonged to Johnson, that he (Newsome) had not pulled a weapon on anyone, and that they had not robbed the victim. Johnson and Daniel also took the stand, but neither offered evidence on the issue of whether Newsome knew or should have known that the gun was stolen. Johnson testified that he did not see the gun until the police removed it from the Toyota, and Daniel

5

testified that he saw Newsome with a gun but not the gun allegedly used in the robbery.

We find that the evidence in this case showed Newsome's possession of a gun that had been stolen, but the State failed to establish additional circumstances from which a jury could have inferred that Newsome knew or should have known that the gun was stolen. Consequently, as "the record before us sheds no light on [Newsome's] knowledge of the provenance of the handgun, we find it insufficient to enable a rational trier of fact to find [Newsome] guilty beyond a reasonable doubt of theft by receiving stolen property." *Wooten*, 348 Ga. App. at 413 (2) (conviction reversed where evidence established that gun was stolen and recovered nine months later in defendant's truck). See also *Daughtie v. State*, 297 Ga. 261, 262 (2) (773 SE2d 263) (2015) (evidence that a gun was stolen by the owner's friend and found behind a club by the defendant was insufficient to support conviction for theft by receiving stolen property); *Stacey v. State*, 292 Ga. 838, 840 (1) (b) (741 SE2d 881) (2013) (evidence insufficient to sustain a conviction for theft by receiving stolen property where defendant shot his victims with a gun he found that had been reported stolen).

6

In its brief, the State, citing no authority other than the general rules referenced above, argues that evidence that the gun was recently stolen and the manner in which Newsome kept the gun hidden before pulling it from the duffel bag was sufficient to support the conviction. This argument, however, fails in light of the principles discussed above. While the jury obviously disbelieved Newsome's testimony that he did not commit the armed robbery, the guilty verdicts returned on the armed robbery and aggravated assault counts do not shed light on whether Newsome knew or should have known that the gun was stolen – a required element to sustain a conviction for theft by receiving stolen property. "[A]ppellate courts review convictions for sufficiency of evidence [because] juries sometimes get things wrong." *Daughtie*, 297 Ga. at 264 (2), citing *Jackson v. Virginia*, 443 U. S. at 317 (III) (B). Here, the evidence was insufficient to support Newsome's conviction for theft by receiving stolen property, so we must reverse his conviction on that offense.

2. Newsome argues that the trial court committed plain error when it charged the jury as follows:[2]

---

[2] Because Newsome did not object to the charge, the issue may be reviewed only for plain error. See *Morton v. State*, 306 Ga. 492, 496 (2) (831 SE2d 740) (2019).

7

If after considering the testimony and evidence presented to you, together with the charge of the Court, you should find and believe beyond a reasonable doubt that the defendants in Floyd County, did on or about June 24th, 2016, commit the offenses as alleged in the indictment, you would be authorized to find the defendants guilty. In that event[,] the form of your verdict would be, we, the jury, find the defendant guilty. If you do not believe the defendant is guilty of any of the offenses or if you have any reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant. In which event the form of your verdict would be, we, the jury, find the defendant not guilty.

Newsome argues that the charge was erroneous because it lumped all the counts together for the jury's determination and did not separate the individual counts and instruct the jury to determine guilt or innocence individually on each separate count. We find no error.

It is well established that jury charges cannot be viewed in isolation. Rather, in determining whether there was plain error, jury charges must be read and considered as a whole. Plain error is defined as that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding.

8

(Citations and punctuation omitted.) *Carr v. State*, 350 Ga. App. 461, 467 (2) (829 SE2d 641) (2019). Evaluating plain error requires the application of a four-prong test:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Emphasis omitted.) *Clark v. State*, 306 Ga. 367, 370-371 (2) (829 SE2d 306) (2019), citing *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). Accordingly, "plain-error analysis . . . requires the appellant to make an affirmative showing that the error probably did affect the outcome below." *Shaw v. State*, 292 Ga. 871, 873 (2) (742 SE2d 707) (2013). Newsome has failed to do so.

The final charge spans 22 pages of the transcript. Therein, the trial judge listed in detail the charges against each defendant and defined each offense for the jury. The judge instructed the jury on the presumption of innocence. The judge explained that

9

no person shall be convicted of any crime unless and until each element of that crime is proven beyond a reasonable doubt. The judge charged the jury on reasonable doubt, explaining that the State had the burden of proving beyond a reasonable doubt every essential element of each crime charged. The judge informed the jury that, if the State failed to prove the defendant guilty beyond a reasonable doubt, "it would be your duty to acquit the defendant." The judge instructed, "Though you may consider all of the evidence as a whole, conviction of one defendant does not necessarily require conviction of another. You, the jury, must determine the guilt or innocence of each defendant separately." The judge sent out with the jury two pre-printed verdict forms, one of which identified only "TENACE TERRELL NEWSOME" as the defendant. And that form listed only the specific charges alleged against Newsome. See *Cheddersingh v. State*, 290 Ga. 680, 682 (2) (724 SE2d 366) (2012) ("A preprinted verdict form is treated as part of the jury instructions which are read and considered as a whole in determining whether there is error.") (citation and punctuation omitted). And as pointed out by the State, the trial court explained:

Each of these forms have listed Counts 1 through 7. It's actually one, two, three, four, six, and seven.[3] Beside each is the name of the count, a brief description of the count and again, you will also have a copy of the indictment with you to compare, and then you will have a blank. In the blank beside each of those counts you will write either guilty or not guilty.

The final charge, when viewed as a whole, was not erroneous as Newsome contends here. The jury was aptly informed to determine the guilt or innocence of each defendant separately as to the charges alleged only against him. Newsome has not satisfied the first prong of the plain error test; therefore, he has not established plain error.

*Judgment affirmed in part and reversed in part. Gobeil and Pipkin, JJ., concur.*

---

[3] The record shows that Newsome was not tried on Count 5 of the indictment, and that the trial court nolle prossed that count.